Kris Leonhardt, SBN 026401
Nermana Grinnan, SBN 035240
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
kleonhardt@fisherphillips.com
ngrinnan@fisherphillips.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Johnson, | No. CV-24-00076-PHX-JJT |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| City of Phoenix Fire Department, *et al.*, | |
| Defendants. | |

Defendants City of Phoenix, improperly sued as City of Phoenix Fire Department, Frank Bayless, Ray Ochoa, Michael Duran III, Kara Kalkbrenner, and Michael Molitor (collectively "Defendants"), hereby answer Plaintiff David Johnson's Complaint (the "Complaint") at Doc. 1 as set forth below:

## NATURE OF ACTION

1.      Responding to the allegations contained within paragraph 1 of the Complaint, Defendants admit only that Plaintiff alleges that he has brought "an action under the Fair Labor Standards Act, and Arizona Revised Statutes ('ARS') against the City of Phoenix and its entities, specifically the Phoenix Fire Department ('PFD') or ('Defendant') and other individuals for their unlawful employment practices of retaliation, and failure to pay proper overtime wages." Otherwise, Defendants deny the remaining allegations in paragraph 1, deny any wrongdoing in this matter, deny that

Plaintiff has stated viable claims for relief, and deny that Plaintiff is entitled to any relief whatsoever in this matter.

**JURISDICTION AND VENUE**

2.  Responding to the allegations contained within paragraph 2 of the Complaint, Defendants admit that jurisdiction is proper in this Court. Otherwise, Defendants deny the remaining allegations in paragraph 2, deny any wrongdoing in this matter, deny that Plaintiff has stated viable claims for relief, and deny that Plaintiff is entitled to any relief whatsoever in this matter.

3.  Responding to the allegations contained within paragraph 3 of the Complaint, Defendants deny said allegations.

4.  Responding to the allegations contained within paragraph 4 of the Complaint, Defendants admit that venue is proper. Otherwise, Defendants deny the remaining allegations in paragraph 4, deny any wrongdoing in this matter, deny that Plaintiff has stated viable claims for relief, and deny that Plaintiff is entitled to any relief whatsoever in this matter.

**PROCEDURE**

5.  Responding to the allegations contained within paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of said allegations and, on that basis, deny said allegations.

6.  Responding to the allegations contained within paragraph 6 of the Complaint, Defendants admit that Plaintiff filed a grievance regarding overtime on November 18, 2021. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 6 of the Complaint.

7.  Responding to the allegations contained within paragraph 7 of the Complaint, Defendants admit that Plaintiff filed grievances on November 18, 2021 and December 21, 2021, that he did not receive favorable "outcomes" related to said grievances, and that he subsequently filed an appeal of a decision resulting from the

FP 50192409.1

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

December 21, 2021 grievance. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 7 of the Complaint.

8. Responding to the allegations contained within paragraph 8 of the Complaint, Defendants admit that Plaintiff was notified on or about February 18, 2022 that he was being removed from the EMS position on C959. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 8 of the Complaint.

9. Responding to the allegations contained within paragraph 9 of the Complaint, Defendants admit that the removal was scheduled to occur effective March 7, 2022, that Plaintiff filed a grievance regarding the removal, and a Grievance Committee hearing occurred on July 20, 2022. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 9 of the Complaint.

10. Responding to the allegations contained within paragraph 10 of the Complaint, Defendants admit that Plaintiff filed a charge of retaliation with the Department of Labor ("DOL") in August of 2022. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 10 of the Complaint.

11. Responding to the allegations contained within paragraph 11 of the Complaint, Defendants admit that the DOL issued findings on April 4, 2023. Defendants deny that the remaining allegations contained in paragraph 11 are a complete and accurate summary of the contents of the DOL findings. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 11 of the Complaint.

12. Responding to the allegations contained within paragraph 12 of the Complaint, Defendants aver that Plaintiff filed a grievance on January 13, 2023 regarding a written reprimand issued by Chief Molitor. Except as expressly admitted

herein, Defendants deny each and every remaining allegation contained within paragraph 12 of the Complaint.

13. Responding to the allegations contained within paragraph 13 of the Complaint, Defendants admit that the Grievance Committee issued a determination on July 19, 2023. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 13 of the Complaint.

14. Responding to the allegations contained within paragraph 14 of the Complaint, Defendants aver that on November 21, 2023, the Phoenix Employment Relations Board ("PERB") ordered dismissing Plaintiff's PERB Case No. CA-377. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 14 of the Complaint.

## PARTIES

15. Responding to the allegations contained within paragraph 15 of the Complaint, Defendants believe that Plaintiff is or was a United States citizen residing in Maricopa County, Arizona. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 15 of the Complaint.

16. Responding to the allegations contained within paragraph 16 of the Complaint, Defendants aver that City of Phoenix is a "public agency" as that term is defined in 29 U.S.C. § 203(x). Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 16 of the Complaint.

17. Responding to the allegations contained within paragraph 17 of the Complaint, Defendants deny said allegations.

18. Responding to the allegations contained within paragraph 18 of the Complaint, Defendants deny said allegations.

19. Responding to the allegations contained within paragraph 19 of the Complaint, Defendants aver that Plaintiff was an "employee" of the City of Phoenix as that term is defined in 29 U.S.C. § 203(e)(1). Except as expressly admitted herein,

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 50192409.1

Defendants deny each and every remaining allegation contained within paragraph 19 of the Complaint.

20. Responding to the allegations contained within paragraph 20 of the Complaint, Defendants aver that the City of Phoenix was Plaintiff's "employer" as that term is defined in 29 U.S.C. § 203(d). Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 20 of the Complaint.

21. Responding to the allegations contained within paragraph 21 of the Complaint, Defendants aver that the City of Phoenix is an entity as defined in 29 U.S.C. § 203(s)(1)(c). Defendants deny that the allegations in paragraph 21 are a complete recitation of the relevant statutes, common law, and/or legal authorities related to the topic at issue. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 21 of the Complaint.

## STATEMENT OF FACTS

22. Responding to the allegations contained within paragraph 22 of the Complaint, Defendants aver that Plaintiff worked for the City of Phoenix for more than 27 years. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 22 of the Complaint.

23. Responding to the allegations contained within paragraph 23 of the Complaint, Defendants aver that Plaintiff was assigned to C959 from July of 2018 until March 7, 2022 as a Fire Captain. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 23 of the Complaint.

24. Responding to the allegations contained within paragraph 24 of the Complaint, such allegations are incoherent and vague and, on that basis, Defendants deny the same.

25. Responding to the allegations contained within paragraph 25 of the Complaint, Defendants admit that Plaintiff has previously alleged that on "October 19, 2021, Plaintiff was called out to a blood borne pathogen exposure" and that "[a] request

for source testing was delivered to a local hospital by Car 959W." Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 25 of the Complaint.

26. Responding to the allegations contained within paragraph 26 of the Complaint, Defendants lack information sufficient to form a belief as to the truth of the allegations that "Plaintiff continually followed up with the Hospital from 6:15 p.m. on October 19, 2021, until 7:00 on October 20, 2021" and, on that basis, deny same. Defendants deny each and every remaining allegation contained within paragraph 26 of the Complaint.

27. Responding to the allegations contained within paragraph 27 of the Complaint, Defendants aver that Plaintiff was paid 5.25 hours of overtime and 7.5 hours of standby pay. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 27 of the Complaint.

28. Responding to the allegations contained within paragraph 28 of the Complaint, Defendants admit that Plaintiff "filed two separate grievances on November 18, 2021, and December 21, 2021, and did not previal [sic]" and that Plaintiff subsequently "fil[ed] an appeal." Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 28 of the Complaint.

29. Responding to the allegations contained within paragraph 29 of the Complaint, Defendants deny said allegations.

30. Responding to the allegations contained within paragraph 30 of the Complaint, Defendants deny said allegations.

31. Responding to the allegations contained within paragraph 31 of the Complaint, Defendants admit that "Plaintiff filed a grievance on February 22, 2022" and that "[a] determination was made on July 20, 2022." Defendants deny that the allegations in paragraph 31 are a complete and accurate summary of the determination. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 31 of the Complaint.

FP 50192409.1

32. Responding to the allegations contained within paragraph 32 of the Complaint, Defendants admit that "Plaintiff filed a complaint with the Department of Labor" alleging retaliation. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 32 of the Complaint.

33. Responding to the allegations contained within paragraph 33 of the Complaint, Defendants admit that "[a]n investigation was conducted by the DOL." Defendants deny that the allegations contained in paragraph 33 are a complete and accurate recitation of the City of Phoenix's position with respect to the investigation or the conclusion of the investigation. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 33 of the Complaint.

34. Responding to the allegations contained within paragraph 34 of the Complaint, Defendants admit that "[o]n April 4, 2023, the DOL issued its findings." Defendants deny that the incoherent and incomplete sentence contained in paragraph 34 is a complete and accurate recitation and summary of the contents of the DOL findings. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 34 of the Complaint.

35. Responding to the allegations contained within paragraph 35 of the Complaint, Defendants deny that the allegations are a complete and accurate recitation and summary of the contents of the DOL findings. Defendants further deny each and every remaining allegation contained within paragraph 35 of the Complaint.

36. Responding to the allegations contained within paragraph 36 of the Complaint, Defendants deny that the allegations are a complete and accurate recitation and summary of the contents of the DOL findings. Defendants further deny each and every remaining allegation contained within paragraph 36 of the Complaint.

37. Responding to the allegations contained within paragraph 37 of the Complaint, Defendants deny that the allegations are a complete and accurate summary of

FP 50192409.1

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

the DOL investigation and findings. Defendants further deny each and every remaining allegation contained within paragraph 37 of the Complaint.

38. Responding to the allegations contained within paragraph 38 of the Complaint, Defendants deny that the allegations are a complete and accurate summary of the DOL investigation and findings. Defendants further deny each and every remaining allegation contained within paragraph 38 of the Complaint.

39. Responding to the allegations contained within paragraph 39 of the Complaint, Defendants deny that the allegations are a complete and accurate summary of the DOL investigation and findings. Defendants deny that the allegations contained within paragraph 39 of the Complaint are a complete and accurate summary of Plaintiff's performance evaluations. Defendants further deny each and every remaining allegation contained within paragraph 39 of the Complaint.

40. Responding to the allegations contained within paragraph 40 of the Complaint, Defendants deny that the allegations are a complete and accurate summary of the DOL investigation or findings. Defendants also deny that the allegations are a complete recitation of the relevant statutes, common law, and/or legal authorities related to the topic at issue. Defendants further deny each and every remaining allegation contained within paragraph 40 of the Complaint.

41. Responding to the allegations contained within paragraph 41 of the Complaint, Defendants deny said allegations.

42. Responding to the allegations contained within paragraph 42 of the Complaint, Defendants admit that "Plaintiff was given a verbal direct order from Chief Molitor" on or around February 18, 2022. Except as expressly admitted here, Defendants deny each and every remaining allegation contained within paragraph 42 of the Complaint.

43. Responding to the allegations contained within paragraph 43 of the Complaint, Defendants admit that "[o]n July 6, 2022, Plaintiff had a meeting with a

Hospital Coordinator." Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 43 of the Complaint.

44. Responding to the allegations contained within paragraph 44 of the Complaint, Defendants aver that on July 14, 2022, Chief Molitor served Plaintiff with a Notice of Inquiry outlining allegations of misconduct. Except as expressly admitted here, Defendants deny each and every remaining allegation contained within paragraph 44 of the Complaint.

45. Responding to the allegations contained within paragraph 45 of the Complaint, Defendants admit that "[o]n July 19, 2022, Plaintiff was interviewed." Except as expressly admitted here, Defendants deny each and every remaining allegation contained within paragraph 45 of the Complaint.

46. Responding to the allegations contained within paragraph 46 of the Complaint, Defendants admit that "[o]n July 20, 2022, Plaintiff's union representative requested interview notes." Except as expressly admitted here, Defendants deny each and every remaining allegation contained within paragraph 46 of the Complaint.

47. Responding to the allegations contained within paragraph 47 of the Complaint, Defendants aver that Plaintiff, through his union representative, requested information regarding "who initiated" the complaint. Defendants also aver that Chief Molitor informed Plaintiff's union representative that the source of the complaint was outside of the fire department. Except as expressly admitted here, Defendants deny each and every remaining allegation contained within paragraph 47 of the Complaint.

48. Responding to the allegations contained within paragraph 48 of the Complaint, Defendants deny said allegations.

49. Responding to the allegations contained within paragraph 49 of the Complaint, Defendants deny said allegations.

50. Responding to the allegations contained within paragraph 50 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 50192409.1

## COUNT ONE

### Retaliation and Violation of FLSA Section 215(a)(3)

51. Responding to the allegations contained within paragraph 51 of the Complaint, Defendants incorporate by reference herein the answers, defenses, responses, denials, and averment to all allegations contained within paragraphs 1 through 50 above as though fully set forth herein.

52. Responding to the allegations contained within paragraph 52 of the Complaint, Defendants deny said allegations.

53. Responding to the allegations contained within paragraph 53 of the Complaint, Defendants deny that the allegations in paragraph 53 are a complete recitation of the relevant statutes, common law, and/or legal authorities related to the topic at issue. Defendants deny engaging in any wrongdoing and further deny any liability arising out of Plaintiff's causes of action.

54. Responding to the allegations contained within paragraph 54 of the Complaint, Defendants deny said allegations.

## COUNT TWO

### Second Count of Retaliation and Violation of FLSA Section 215(a)(3)

55. Responding to the allegations contained within paragraph 55 of the Complaint, Defendants incorporate by reference herein the answers, defenses, responses, denials, and averment to all allegations contained within paragraphs 1 through 54 above as though fully set forth herein.

56. Responding to the allegations contained within paragraph 56 of the Complaint, Defendants deny said allegations.

57. Responding to the allegations contained within paragraph 57 of the Complaint, Defendants deny that the allegations in paragraph 57 are a complete recitation of the relevant statutes, common law, and/or legal authorities related to the topic at issue. Defendants deny engaging in any wrongdoing and further deny any liability arising out of Plaintiff's causes of action.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 50192409.1

58. Responding to the allegations contained within paragraph 58 of the Complaint, Defendants deny said allegations.

### COUNT THREE

### Violation of FLSA Section 207

59. Responding to the allegations contained within paragraph 59 of the Complaint, Defendants incorporate by reference herein the answers, defenses, responses, denials, and averment to all allegations contained within paragraphs 1 through 58 above as though fully set forth herein.

60. Responding to the allegations contained within paragraph 60 of the Complaint, Defendants admit that on "October 19, 2021, Plaintiff was called out to a blood borne pathogen exposure" and that "[a] request for source testing was delivered to a local hospital by Car 959W." Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 60 of the Complaint.

61. Responding to the allegations contained within paragraph 61 of the Complaint, Defendants lack information sufficient to form a belief as to the truth of the allegations that "Plaintiff continually followed up with the Hospital from 6:15 p.m. on October 19, 2021, until 7:00 on October 20, 2021" and, on that basis, deny same. Defendants further deny each and every remaining allegation contained within paragraph 61 of the Complaint.

62. Responding to the allegations contained within paragraph 62 of the Complaint, Defendants aver that Plaintiff was paid 5.25 hours of overtime and 7.5 hours of standby pay. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained within paragraph 62 of the Complaint.

63. Responding to the allegations contained within paragraph 63 of the Complaint, Defendants deny that the allegations in paragraph 63 are a complete recitation of the relevant statutes, common law, and/or legal authorities related to the topic at issue. Defendants deny engaging in any wrongdoing and further deny any liability arising out of Plaintiff's causes of action.

## DAMAGES

64. Responding to the allegations contained within paragraph 64 of the Complaint, Defendants deny said allegations.

65. Responding to the allegations contained within paragraph 65 of the Complaint, Defendants deny said allegations.

66. Responding to the allegations contained within paragraph 66 of the Complaint, Defendants deny said allegations.

Defendants deny that Plaintiff is entitled to any of the damages or other relief sought in his requests for relief.

WHEREFORE, Defendants requests that each and every count of Plaintiff's Complaint be denied in its entirety, that Plaintiff take nothing, that judgment be entered in favor of Defendants, that Defendants be awarded their costs of suit and for reasonable attorneys' fees incurred by Defendants pursuant to any and all statutes and rules that would allow Defendants to recover costs, attorneys' fees, or other relief, and for such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Responding to Plaintiff's Jury Trial Demand, Defendants acknowledge that Plaintiff has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

1. All allegations set forth in Plaintiff's Complaint that are not specifically admitted herein are denied.

2. Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

4. Plaintiff failed to mitigate his damages, and, to the extent of such failure, any damages awarded should be reduced accordingly.

FP 50192409.1

5. Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

6. Plaintiff's claimed are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

7. Plaintiff's Complaint, and each and every purported claim contained therein, are barred in whole or in part because Defendants' compensation and timekeeping practices were adopted in good faith and conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the United States Department of Labor and therefore may not give rise to liability for back pay pursuant to 29 U.S.C. § 259.

8. Plaintiff's Complaint, and each and every purported claim contained therein, is barred in whole or in part because Defendants acted in good faith and with reasonable grounds to believe that their actions were not in violation of the law, such that no liquidated damages may be awarded to Plaintiff, pursuant to 29 U.S.C. § 260.

9. Plaintiff's claims are barred as to all hours allegedly worked that Defendants did not suffer or permit to be worked and/or of which Defendants lacked actual or constructive knowledge.

10. Plaintiff's claims are barred to the extent that he seeks to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

11. Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

12. Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA.

13. Plaintiff's claims are barred, in whole or in part, because Defendants are entitled to an offset of monies, compensatory time off or other consideration paid or provided to Plaintiff for periods in which Plaintiff was not engaged to work.

14. To the extent that Plaintiff is entitled to damages or penalties, Defendants are entitled to a setoff/offset for any consideration provided to Plaintiff.

13

15. Plaintiff's claims are barred, in whole or in part, because he was an exempt employee under the FLSA.

16. Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and had reasonable grounds for believing they acted properly in their policies related to pay.

17. Plaintiff's claims are barred, in whole or in part, because all employment-related decisions made with respect to Plaintiff, or which affected Plaintiff in any way, were made in good faith, for legitimate, nondiscriminatory, non-retaliatory business reasons.

18. Defendants would have made the same employment decisions with respect to Plaintiff in the absence of any alleged impermissible reason, and thus, Defendants cannot be held liable for any monetary damages.

19. Plaintiff's claims are barred, in whole or in part, for failure to join an indispensable party under Fed. R. Civ. P. 19.

20. Defendants reserve the right to amend and/or add affirmative defenses as discovery proceeds.

**WHEREFORE**, Defendants pray as follows:

1. That judgment be entered in favor of Defendants;

2. That each and every count of Plaintiff's Complaint be denied in its entirety, and that Plaintiff take nothing by this action;

3. That Defendants be awarded their reasonable attorneys' fees and costs incurred herein pursuant to any and all statutes and rules which would allow Defendants to recover their attorneys' fees, costs or other relief;

4. That Defendants be awarded pre- and post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

5. For such other and further relief as the Court deems just and proper.

14

FP 50192409.1

1  RESPECTFULLY SUBMITTED this 2nd day of April 2024.

FISHER & PHILLIPS LLP

By  s/ *Nermana Grinnan*
    Kris Leonhardt
    Nermana Grinnan
    3200 N. Central Avenue, Suite 1550
    Phoenix, AZ 85012-2487
    *Attorneys for Defendants*

FP 50192409.1

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Joshua C. Black
Timothy Rosini
LAW OFFICE OF JOSHUA C. BLACK PLC
2999 N. 44th Street, Suite 308
Phoenix, AZ 85018
*Attorneys for Plaintiff*


  s/ Danielle Trevino

16

FP 50192409.1