Joshua C. Black, #032241
Timothy F. Rosini, #036540
Law Office of Joshua Black, PLC
2999 North 44th Street, Suite 308
Phoenix, Arizona 85018
(623) 738-2225 (p) • (623) 471-6516 (f)
josh@azemploymentlawyer.com
timothy@azemploymentlawyer.com
*Attorneys for Plaintiff*

Kris Leonhardt, SBN 026401
Nermana Grinnan, SBN 035240
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
kleonhardt@fisherphillips.com
ngrinnan@fisherphillips.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Johnson, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> Phoenix Fire Department, et al., <br><br> Defendant. | No. CV-24-00076-PHX-JJT <br><br> **JOINT PROPOSED CASE MANAGEMENT PLAN** |

Under Rule 26(f), Fed. R. Civ. P., as amended by the "Order Setting Rule 16 Scheduling Conference" entered on April 15, 2024, the attorneys for Plaintiff David Johnson and Defendants City of Phoenix, improperly sued as City of Phoenix Fire

-1-

Department, *et al*, have met, conferred, and submit the following Joint Proposed Case Management Plan.

1. **THE NATURE OF THE CASE**

    a. **Plaintiff:**

Plaintiff David Johnson brings this case under Fair Labor and Standard Act, and Arizona Revised Statues ("ARS") against The City of Phoenix and its entities, specifically the Phoenix Fire Department ("PFD") or ("Defendant") and other individuals for their unlawful employment practices of retaliation, and failure to pay proper overtime wages. On October 19, 2021, Plaintiff performed duties for 12.75 hours without being relieved from duty, per AR 2.21. Plaintiff was only paid overtime for 5.5 hours of these duties. Plaintiff was not paid proper overtime and stand-by pay and filed two grievances. On February 18, 2022, in violation of FLSA Section 215(a)(3) Plaintiff was retaliated against for bringing complaints about lack of overtime and stand-by pay. Plaintiff filed a complaint with the Department of Labor ("DOL"), concerning his removal from C959 and issues and with filing grievances related to unpaid overtime and stand-by pay. During his notice of removal Plaintiff was notified by Chief Molitor that notice of intent to discipline was initiated for "Violating a Direct Order". PFD willfully and knowingly retaliated against Plaintiff by removing him from his position of captain on C959 and PFD wrongfully initiated an NOI against Plaintiff for violating a direct, which itself was retaliation for filing grievances for unpaid OT. The two acts committed by Defendant were unlawful employment practices of discrimination in violation of 29 U.S.C.

215(a)(3). The City of Phoenix PFD violated FLSA Section 207 when they failed to pay Plaintiff for the overtime hours he worked.

**Defendants:**

This matter arises out of Plaintiff's approximate 27-year employment with the City of Phoenix. Plaintiff remains employed by the City of Phoenix. Defendants categorically deny any wrongdoing in this matter and assert that Plaintiff's claims are without merit. Specifically, Defendants deny Plaintiff's allegations that he has not been paid for 7.25 hours of overtime. Additionally, Defendants deny discriminating or retaliating against Plaintiff for allegedly "fil[ing] grievances due to unpaid OT and stand-by pay" or for "fili[ng] a grievance due to his wrongful and retaliatory removal from C959." Doc 1, ¶¶ 51, 56.

**2. A LIST OF ELEMENTS OF PROOF NECESSARY FOR EACH COUNT OF THE COMPLAINT AND EACH AFFIRMATIVE DEFENSE**

**a. Plaintiff:**

A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) Plaintiff engaged in activity protected under [the] act; (2) Plaintiff subsequently suffered adverse action by the employer; and (3) a causal connection existed between the Plaintiff's activity and the adverse action.' ... If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext ... In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights. *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 3 Wage & Hour Cas. 2d (BNA) 1825 (10th Cir. 1997).

-3-

FP 50676038.1

If the employer responds to the plaintiff's prima facie case by putting forward a legitimate reason for its adverse action, then the plaintiff must show pretext in order to prevail. Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 4 Wage & Hour Cas. 2d (BNA) 43, 134 Lab. Cas. (CCH) P 33598 (10th Cir. 1997)

No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. Fair Labor Standards Act of 1938 § 7, 29 U.S.C.A. § 207(a).

A plaintiff need not prove each hour of overtime with unerring accuracy or certainty. *Prince*, 2009 WL 2170042. "In the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." Id., quoting Ting Yao Lin v. Hayashi Ya II, Inc., No. 08–CV–6071, 2009 WL 289653, *3 (S.D.N.Y. Jan. 30, 2009) (finding plaintiffs' initial burden was satisfied by affidavits based on the

plaintiffs' recollection describing the time spent performing various tasks for which they did not receive overtime compensation)

**b. Defendants**:

1. Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief may be granted. A claim may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the plaintiff's complaint does not "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. A claim under the FLSA must be brought within two years after the cause of action has accrued. 29 U.S.C. § 255(a). The statute of limitations is extended to three years only where the cause of action arose "out of a willful violation." *Id*. To show that a particular FLSA violation was willful, a plaintiff must show "evidence of an employer's knowing or reckless disregard for the matter of whether its conduct was prohibited by the statute." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), aff'd, 546 U.S. 21, 126 S. Ct. 514, 163 L. Ed. 2d 288 (2005) (internal citations omitted).

3. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages. The law imposes a duty upon an FLSA retaliation plaintiff to take reasonable steps to mitigate his damages. *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 880 (2d Cir. 1988).

4. The after-acquired evidence doctrine limits a plaintiff's ability to recover damages against his prior employer "if the employer later 'discovers' evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1070-71 (9th Cir. 2004); *see also Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525, 539 (1st Cir. 2015) (applying after-acquired evidence doctrine in FLSA case). An employer "can avoid back pay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it would have fired the employee for the misconduct." *Rivera*, 364 F.3d at 1070.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands. Under Arizona law, "waiver is either the express, voluntary, intentional relinquishment of a known right or conduct so inconsistent with an intent to assert the right that an intentional relinquishment can be inferred." *City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 877 P.2d 284, 290 (Ariz. Ct. App. 1994). "Laches requires proof of: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *United States v. Dang*, 488 F.3d 1135, 1144 (9th Cir. 2007).

Estoppel requires that: "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) that party must rely on the former's conduct to his injury." *United States v. Martinez*, 837 F.3d 861, 865 (9th Cir. 1988); *see also, Johnson v.*

*Williford*, 682 F.2d 868, 872 (9th Cir. 1982) (quoting *United States v. Georgia-Pacific Co.*, 421 F.2d 92, 96 (9th Cir. 1970)).

"The unclean hands doctrine closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 876-77 (9th Cir. 2000).

6. Plaintiff's Complaint, and each and every purported claim contained therein, are barred in whole or in part because Defendants' compensation and timekeeping practices were adopted in good faith and conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the United Stated Department of Labor and therefore may not give rise to liability for back pay pursuant to 29 U.S.C. § 259. Defendants must "plead[] and prove[] that the act or omission complained of was in good faith in conformity with and in reliance on" administrative regulations, orders, rulings, approvals, or interpretations of the United Stated Department of Labor. *Id*.

7. Plaintiff's Complaint, and each and every purposed claim contained therein, is barred in whole or in part because Defendants acted in good faith and with reasonable grounds to believe that their actions were not in violation of the law, such that no liquidated damages may be awarded to Plaintiff. Defendants need to "show to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [Defendants] had reasonable grounds for believing that [their] act or omission was not a violation" of the FLSA. 29 U.S.C. § 260.

-7-

FP 50676038.1

8. Plaintiff's claims are barred as to all hours allegedly worked that Defendants did not suffer or permit to be worked and/or which Defendants lacked actual or constructive knowledge. "[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of overtime work" then the employer cannot have violated 29 U.S.C. § 207. *Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)

9. Plaintiff's claims are barred to the extent that he seeks to recover for work that is *de minimis* work time and this not compensable under the FLSA. In considering whether otherwise compensable time is *de minimis*, courts weigh "(1) the practical and administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984).

10. Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities. Any "preparatory or concluding activity that is not closely related to the performance of the principal activities is considered a preliminary or postliminary activity" and is, therefore, "not compensable, even if it occurs between periods of activity that are compensable as hours of work." 29 C.F.R. § 551.412(b).

11. Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA. An employee's prima facie case requires proof that he was covered under the FLSA. See *Daves v. Hawaiian Dredging Co.*, 114 F. Supp.

643, 646 (D. Haw. 1953) ("the cause of action accrues only to employees in commerce, or who are producing goods for commerce, and such an allegation as pertaining to the plaintiff is essential to the statement of his claim under this statute."). Defendants bear the burden of establishing that exemptions apply. See *Klem v. Cnty. of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir.2000) ("An employer who claims an exemption from the FLSA bears the burden of demonstrating that such an exemption applies.").

12. Plaintiff's claims are barred, in whole or in part, because Defendants are entitled to an offset of monies, compensatory time off or other consideration paid or provided to Plaintiff for periods in which Plaintiff was not engaged to work. FLSA. 29 U.S.C. § 207.

13. To the extent that Plaintiff is entitled to damages or penalties, Defendants are entitled to a setoff/offset for any consideration provided to Plaintiff. An employer may credit overtime payments already made to employees against overtime payments owed to them under the FLSA. 29 U.S.C. § 207(h)(2) ("Extra compensation ... shall be creditable toward overtime compensation payable pursuant to this section.").

14. Plaintiff's claims are barred, in whole or in part, because he was an exempt employee under the FLSA. "An employer who claims an exemption from the FLSA bears the burden of demonstrating that such an exemption applies." *Klem v. Cnty. of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir.2000).

15. Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and had reasonable grounds for believing they acted properly in their policies related to pay. Here, the "employer must establish that it had an honest intention to

ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016) (internal citations omitted).

16. Plaintiff's claims are barred, in whole or in part, because all employment-related decisions made with respect to Plaintiff, or which affected Plaintiff in any way, were made in good faith, for legitimate, nondiscriminatory, non-retaliatory business reasons. Retaliation claims are evaluated under the burden-shifting framework. *McDonnel Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under the framework, "a plaintiff must first establish a prima facie case." *Bowen v. M. Caratan, Inc.*, 142 F. Supp. 3d 1007, 1020 (E.D. Cal. 2015) (citing *Knickerbocker v. City of Stockton,* 81 F.3d 907, 910 (9th Cir.1996). If a plaintiff can establish a prima facie case, then "the burden shifts to the Defendants to demonstrate a legitimate, non-discriminatory reason for the adverse employment action." *Id.*, (citing *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 1996).

17. Defendants would have made the same employment decisions with respect to Plaintiff in the absence of any alleged impermissible reason, and thus, Defendants cannot be held liable for any monetary damages. Retaliation claims are evaluated under the burden-shifting framework. *McDonnel Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under the framework, "a plaintiff must first establish a prima facie case." *Bowen v. M. Caratan, Inc.*, 142 F. Supp. 3d 1007, 1020 (E.D. Cal. 2015) (citing *Knickerbocker v. City of Stockton,* 81 F.3d 907, 910 (9th Cir.1996). If a plaintiff can establish a prima facie case, then "the burden shifts to the Defendants to demonstrate a legitimate, non-

discriminatory reason for the adverse employment action." *Id*., (citing *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 1996).

18. Plaintiff's claims are barred, in whole or in part, for failure to join an indispensable party under Fed. R. Civ. P. 19. A person must be joined as a party if "the court cannot accord complete relief among existing parties" in that person's absence or if such "person claims an interest relating to the subject of the action" such that the person's absence impedes the person's ability to protect his or her interest or leaves an existing party subject to risk of incurring inconsistent or multiple obligations. *Id*.

3.  **THE FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE**

The parties have identified the following as major factual and legal issues genuinely in dispute in this matter. At this time, the parties do not believe that the issues can be narrowed by stipulation or by motion.

- Was Plaintiff paid for overtime hours worked?

- Was Plaintiff not properly compensated for all overtime hours worked?

- Did Defendants subject Plaintiff to unlawful discrimination or retaliation under the FLSA?

- Did Plaintiff suffer damages due to the actions of Defendants? If so, what was the extent and amount of those damages?

- Are Defendants liable to Plaintiff for punitive damages?

- If successful, is Plaintiff entitled to an award of attorney's fees? If so, in what amount?

4.  **JURISDICTION**

This Court has jurisdiction over this case pursuant to its federal question jurisdiction as set forth in 28 U.S.C. § 1331.

5.  **PARTIES NOT SERVED/FILED ANSWER**

    None.

6.  **PARTIES NOT SUBJECT TO COURT'S JURISDICTION**

    None.

7.  **DISPOSITIVE ISSUES**

    Defendants intend to file a dispositive motion on Plaintiff's claims at the end of discovery.

8.  **REFERENCE TO UNITED STATES MAGISTRATE JUDGE OR A SPECIAL MASTER**

    a. **Plaintiff:**

    Plaintiff is amenable to referring this matter to a magistrate judge for settlement conference purposes in order to resolve the matter without protracted litigation.

    b. **Defendants:**

    Defendants do not believe that this case is suitable for a reference to a United States Magistrate Judge at this time. Defendants are willing to engage in informal efforts to resolve this matter and will seek a referral for a Settlement Conference if and when they believe one might be productive in the future.

9.  **STATUS OF PENDING RELATED CASES**

    None.

10. **INITIAL RULE 26(A) DISCLOSURES**

    The parties anticipate exchanging initial Rule 26(a) disclosures on June 14, 2024.

11. **PROPOSED DEADLINES**

    a. **Motion to amend Complaint or join additional parties:**

    July 12, 2024

    b. **Deadline for completion of fact discovery:**

May 23, 2025

    c. **Expert testimony:**

February 21, 2025

    d. **Rebuttal expert testimony:**

March 28, 2025

    e. **Disclosure of all witnesses, exhibits, and other matters under Fed. R. Civ. P. 26(a)(3)**

October 10, 2025

    f. **Closure of all discovery;**

May 23, 2025

    g. **Completing good faith discussions of settlement;**

November 1, 2024

    h. **Deadline for Filing Dispositive Motions:**

July 11, 2025

**12. SCOPE OF DISCOVERY**

The parties do not believe that there should be any changes to the limitations on discovery contained in the Federal Rules of Civil Procedure or that discovery should be handled in phases.

**13. ESTIMATED LENGTH OF TRIAL**

Estimated length of trial is 2-3 days but given the number of defendants and potential witnesses the parties reserve the right to revisit the trial length at a later date.

The parties have no suggestions for shortening the trial at this time.

**14. JURY TRIAL**

Plaintiff has requested a jury trial.

**15. PROSPECTS FOR SETTLEMENT**

FP 50676038.1

The parties have not conferred concerning the prospects of settlement at this time but agree to hold good faith settlement discussions by November 1, 2024.

**16.   CLASS ACTIONS**

N/A.

**17.   COMPLEX TRACK**

N/A.

**18.   OTHER MATTERS THAT WILL AID THE COURT IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER**

The parties have no suggestions to offer the Court at this time.

Respectfully Submitted this 16th day of May, 2024.

| *Law Office of Joshua Black, PLC* | *Fisher & Phillips, LLP* |
|---|---|
| By: /s/ *Timothy F. Rosini*<br>Joshua C. Black<br>Timothy F. Rosini<br>2999 N 44th St, Ste 308<br>Phoenix, AZ 85018<br>*Attorneys for Plaintiff* | By: [s] *Nermana Grinnan*<br>Kris Leonhardt<br>Nermana Grinnan<br>3200 N. Central Ave., Suite 1550<br>Phoenix, AZ 85012-2487<br>*Attorneys for Defendants* |

**Certificate of Service**

FP 50676038.1

I certify that on May 16, 2024, I electronically transmitted the attached Joint Proposed Case Management Plan to the U.S. District Court Clerk's Office using the CM/ECF System for filing.

FP 50676038.1